# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE BANDEROS A/K/A JOSE
MANUEL BANDERAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75912

FILED

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury trial for burglary while in possession of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm, and discharge of a firearm from or within a structure or vehicle. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On October 14, 2017, Jose Banderos entered Zachary Havensek's home after a heated text message exchange and shot Havansek in the leg with a gun. The State charged Banderos with burglary while in possession of a deadly weapon, attempted murder with use of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm, and discharge of a firearm from or within a structure or vehicle. During the preliminary hearing, the State explained that it had offered Havansek immunity from prosecution for any drug activity that occurred near the time he was shot.[1] The case proceeded to a jury trial, and at trial

---

[1]Although courts generally recognize three types of immunity, Nevada statutes only provide for transactional immunity. *State v. Tricas*, 128 Nev. 698, 702-03, 290 P.3d 255, 257-58 (2012). Transactional immunity protects the witness from "criminal liability for any transaction, matter, or

19-23684

Banderos asked the district court if he could cross-examine Havansek regarding the State's grant of immunity. The district court allowed Banderos to ask Havansek about the State's grant of immunity; however, the district court warned Banderos that questions regarding immunity would open the door for the State to clarify on redirect examination what the immunity was for, i.e. Banderos' drug dealing in connection with his relationship with Havansek. The jury found Banderos guilty on all charges except attempted murder with use of a deadly weapon. On appeal, Banderos argues that the district court erred when it excluded extrinsic evidence by preventing him from cross-examining Havansek about the State's grant of immunity. We disagree.

"[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. Sate*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). An attorney may impeach a witness during cross-examination about specific instances of conduct regarding the witness' credibility for truthfulness as long as the attorney does not use extrinsic evidence. NRS 50.085(3). "A witness may use redirect examination to explain or clarify testimony

---

thing discussed in the [compelled] testimony." 22 C.J.S. *Criminal Law: Substantive Principles* § 98 (2016). "NRS 178.572 permits the court to grant witness immunity 'on motion of the state.'" *Thomas v. State*, 114 Nev. 1127, 1139, 967 P.2d 1111, 1119 (1998). While a State's grant of transactional immunity is usually more formal, here it appears that the State noted the offer of immunity orally during the preliminary hearing and the district court acknowledged that offer.

elicited during cross-examination." *Barrett v. State*, 105 Nev. 356, 359, 776 P.2d 538, 540 (1989).

In this matter, we conclude that the district court did not exclude any evidence, extrinsic or otherwise. The district court merely warned Banderos that cross-examining Havansek about the State's grant of immunity would allow the State to clarify the reasons it granted Havansek immunity on redirect examination, which would in turn implicate Banderos' involvement with Havansek in drug subculture. *See* NRS 48.035 ("Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice."). The district court correctly advised Banderos on the law, including the risks he would face if he opened the door to the facts surrounding their relationship. Thus, under these facts, the district court did not abuse its discretion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Carolyn Ellsworth, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk